UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NUMBER:

Martin Schaaf, on behalf himself
and others similarly situated,

        Plaintiff,

vs.

EIMS USA, Inc., a foreign corporation,

        Defendant.

## PLAINTIFF'S ORIGINAL COMPLAINT AND JURY DEMAND

### INTRODUCTION

1. This is a suit for damages for unpaid minimum wages under Chapter 8 of Title 29, the Fair Labor Standards Act of 1938, 29 U.S.C. § 201-219 ("Fair Labor Standards Act" or "FLSA")and Florida State law, § 448.08, Fla. Stat. (2018) for unpaid wages.

### HISTORY

2. Defendant, EIMS USA, Inc. "DEFENDANT" a sales and marketing corporation hired Plaintiff, Martin Schaaf, "PLAINTIFF" and others similarly situated for non-exempt FLSA jobs.  Once hired, DEFENDANT required training class attendance at DEFENDANT'S place of business in Miami FL.  DEFENDANT'S policy was not to pay

Page **1** of **8**

any employee for his or her training hours the agreed upon wage or federal minimum wages for the hours attended unless fifty (50) or more hours were worked subsequent to the training classes.  PLAINTIFF and others similarly situated did not work the required fifty (50) hours.  December 9, 10, 11, 12 & 13, 2019, PLAINTIFF attended DEFENDANT'S required training classes.  On December 13, 2019, in addition to attending the training class, PLAINTIFF performed five (5) hours of work for DEFENDANT.  Total hours of training and work by PLAINTIFF equal approximately thirty-seven (37).

## **JURISDICTION**

3.   This Court has subject matter jurisdiction because this is a civil action arising under the laws of the United States.  See 28 U.S.C. 1331.  Specifically, PLAINTIFF and others similarly situated seek to prosecute civil claims under the Fair Labor Standards Act, 29 U.S.C. § 201-219.

4.   This Court has supplemental subject matter jurisdiction over PLAINTIFF'S state law claim under 28 U.S.C. § 1367.  The Court has original jurisdiction over PLAINTIFF'S FLSA claim. PLAINTIFF'S state law claim is

so related to PLAINTIFF'S federal law claim that they form part of the same case or controversy.

## VENUE

5. DEFENDANT is a Delaware corporation authorized by the Florida Department of State Division of Corporations to transact business in Florida. DEFENDANT has a permanent place of business in Miami, Dade County, Florida.

6. PLAINTIFF is a resident of Broward County, Florida.

7. Venue is proper in the Southern District of Florida because the classes were located in Dade County Florida.

## GENERAL ALLEGATIONS

8. At all times pertinent to this Complaint, other similarly situated former or current employees to the Plaintiff exist. These persons attended the training classes, did not subsequently work at least fifty (50) hours for DEFENDANT and were not paid at least Federal Minimum Wages.

9. PLAINTIFF brings this action in his individual capacity and as a 29 U.S.C. § 216 collective action.

See attached Exhibit A, Consent to Bring At all times 29 U.S.C. § 216 collective action.

10. DEFENDANT was an employer to PLAINTIFF and others similarly situated as that term is defined in 29 U.S.C. § 203(d) since its agents had substantial control over the terms and conditions of the employment.

11. At all times pertinent to this Complaint DEFENDANT was an enterprise engaged in commerce or in the production of goods for commerce as defined in 29 U.S.C. § 203(s)(1) because DEFENDANT had the following:

    a. Two or more employees engaged in commerce or in the production of goods for commerce. For example, DEFENDANT communicated on daily basis among its other offices located outside Florida by mail, telephone, and internet; or

    b. Two or more employees handling, selling, or otherwise working on goods or materials that had been moved in or produced for commerce by any person. For example, employees processing sales used electronics, paper supplies, computer products, and telecommunications products that originated outside of Florida; and

c. Upon information and belief DEFENDANT is an enterprise whose annual gross volume of sales made or business done was not less than $500,000.00.

12. Plaintiff and others similarly situated performed work for DEFENDANT where they were individually engaged in commerce or in the production of goods for interstate commerce as defined in 29 U.S.C. §§ 203(r) and 203(s).  PLAINTIFF and others similarly situated regularly communicated by telephone or internet with DEFENDANT'S offices outside the state Florida and potential customers outside Florida.

## CAUSES OF ACTION

### COUNT I. FEDERAL MINIMUM WAGES

13. Plaintiff incorporates the allegations in paragraphs 1-3, and 5-12 in this section for all purposes as if fully restated.

14. DEFENDANT violated the provisions of 29 U.S.C. § 206 by employing PLAINTIFF and others similarly situated without compensation at a rate not less than federal minimum wage ($7.25).

15. Pursuant to 29 U.S.C. § 216, PLAINTIFF and others similarly situated are entitled to recover from DEFENDANT a reasonable attorney fee and costs.

16. Pursuant to 29 U.S.C. § 216, PLAINTIFF and others similarly situated are entitled to recover from DEFENDANT liquidated damages in an equal amount due for unpaid federal minimum wages. Alternatively, if liquidated damages are denied, prejudgment interest is claimed.

WHEREFORE, PLAINTIFF and others similarly situated demands judgment against DEFENDANT for the following:

    a. Federal Minimum Wages.

    b. Liquidated damages, alternatively prejudgment interest should liquidated damages be denied.

    c. Reasonable attorney's fees and costs.

**COUNT II.**

**STATE UNPAID WAGES**

17. PLAINTIFF incorporates the allegations in paragraphs 1-7 and 10 in this Count for all purposes as if fully restated.

18. DEFENDANT violated its agreement with PLAINTIFF for the period from on or about December 9, 10, 11, 12 & 13, 2019, by failing to pay PLAINTIFF his wages of $769.23.

19. Pursuant § 448.08, Fla. Stat. (2014), PLAINTIFF is entitled to recover from DEFENDANT a reasonable attorney fee and costs.

20. Prejudgment interest is claimed.

WHEREFORE, PLAINTIFF demands judgment against DEFENDANT for the following:

    a. Unpaid wages.

    b. Prejudgment interest.

    c. Reasonable attorney's fees and costs.

## DEMAND FOR JURY TRIAL

PLAINTIFF demands trial by jury on all issues as provided by Rule 38(b) of the Federal Rules of Civil Procedure.

Dated: July 17, 2020.

Respectfully submitted by:

/s/ James E. Dusek
James E. Dusek, Esq.
Florida Bar No. 0770833
Intracoastal Building
3000 NE 30th Place
Suite 408
Ft. Lauderdale, FL  33308
Mailing Address:
Post Office Box 4337
Ft. Lauderdale, FL  33338
(954) 565-2344 (Tel.)
jim@duseklawfirm.com
Attorney for Plaintiff

## **CERTIFICATE OF SERVICE**

    I HEREBY CERTIFY that on July 17, 2020, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF.

>By: /s/ James E. Dusek_____
>James E. Dusek, Esq.