IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

Martin Schaaf, on behalf himself
and others similarly situated,

    Plaintiff,                                      Case No: 1:20-cv-22959-MGC

v.

EIMS USA, Inc., a foreign corporation

    Defendant.

_____/

**JOINT MOTION FOR APPROVAL OF SETTLEMENT AND DISMISSAL WITH PREJUDICE AND INCORPORATED MEMORANDUM OF LAW**

Plaintiff, Martin Schaaf ("Plaintiff") and Defendant, EIMS USA, Inc. ("Defendant"), collectively "the Parties", jointly request that this Court approve the Parties' settlement of the above captioned matter and dismiss this case with prejudice. See attached Exhibit 1, Parties' Settlement Agreement and Release. Plaintiff's Complaint arises under the Fair Labor Standard Act ("FLSA"), thus the Parties' settlement must be approved by this Court.

    **I.**     **Memorandum of Law**

Claims raised under the FLSA may be settled and released by employees, subject to certain conditions. *See* 29 U.S.C. 216 of the FLSA; *Lynn's Food Stores, Inc. v. U.S.,* 679 F.2d 1350, 1353 (11th Cir. 1982). In the context of a private lawsuit brought by an employee against an employer under section 216(b) of the FLSA, an employee may settle and release FLSA claims against an employer if the Court enters a judgment approving the fairness of the settlement. *Id.* In detailing the

circumstances justifying court approval of an FLSA settlement in a litigation context, the Eleventh Circuit has stated the following:

> Settlements may be permissible in the context of a suit brought by employees under the FLSA for back wages because initiation of the action by the employees provides some assurance of an adversarial context. The employees are likely to be represented by an attorney who can protect their rights under the statute. Thus, when the parties submit a settlement to the court for approval, the settlement is more likely to reflect <u>a reasonable compromise of disputed issues</u> than a mere waiver of statutory rights brought by an employer's overreaching. If a settlement in an employee FLSA suit does reflect a reasonable compromise over issues, <u>such as FLSA coverage or computation of back wages</u> that are actually in dispute, we allow the district court to approve the settlement in order to promote the policy of encouraging settlement of litigation.

*Lynn's Food Stores,* 679 F.2d at 1354 (emphasis added).

In the instant action, the settlement occurred following an adversarial matter in which both Plaintiff and Defendant were represented by experienced counsel. Notably, the Parties' settlement includes no compromise of Plaintiff's FLSA claim, as the settlement provides for full payment of his alleged unpaid wages.

In arriving at the settlement, discussions included the record evidence of Plaintiff's limited employment with Defendant, the factual issue of compensable and non-compensable time in training, alleged hours (for both training and work) and pay rates, and the Parties each formulated their own proposed settlement figures in consultation with legal counsel. Additionally, plaintiff's counsel conveyed Plaintiff's settlement demand in addition to a separate demand for Plaintiff's legal fees and costs. The Parties then engaged in settlement discussions, based upon their independent calculations. The Parties, through their attorneys, voluntarily agreed to the terms of the settlement during thoughtful negotiations. Both Parties were

counseled and represented by their respective attorneys throughout the litigation and settlement process. The parties negotiated and settled Plaintiff's recovery and attorney's fees independently and in seriatim.

## II. Terms of Settlement

The Parties have agreed to settle all of Plaintiff's claims for a total of $3,911.50, inclusive of attorney's fees and costs. The amount of the settlement proceeds attributable to Plaintiff's FLSA claims is $711.50.

For the services provided by plaintiff's counsel, counsel will receive a total of $3,200.00, representing both the attorney's fees and costs – broken down as follows: attorney's fees of $2,725.00 plus costs of $475.00. This amount is based upon the 11 hours worked by Plaintiff's counsel on this matter, the costs incurred, and the result obtained. This amount was agreed upon separately and without regard to the amount paid to the Plaintiff. The parties agree this amount is a reasonable fee under the circumstances of this case. The parties request that the Court retain jurisdiction to enforce the terms of the settlement.

## III. Conclusion

For the reasons set forth herein, the Parties jointly and respectfully request that this Court approve the settlement agreement of the Parties, and dismiss the instant action as well as any and all other pending claims between the Parties with prejudice.

<table>
<tr><td>

s/James E. Dusek
James E. Dusek, Esq.
Florida Bar No. 770833
Intracoastal Building
3000 NE 30th Place, Suite 408
Ft. Lauderdale, FL 33308
Email: jim@duseklawfirm.com
Tel.: 954.565-2344
Trial Counsel for Plaintiff

</td><td>

s/Cynthia Brennan Ryan
Cynthia Brennan Ryan, Esq.
Florida Bar No. 0986003
Ryan Law, P.A.
2020 Winter Springs Boulevard
Oviedo, FL 32765
Email: cryan@ryan-law.com
Tel.: 407.359.0403
Fax: 407.359.0416
Trial Counsel for Defendant

</td></tr>
</table>